12-mj-4048-TSH

### AFFIDAVIT OF DEPUTY U.S. MARSHAL TIMOTHY J. ORAVA
### IN SUPPORT OF A CRIMINAL COMPLAINT

I, Timothy Orava, Criminal Investigator Deputy United States Marshal being duly sworn, depose and state:

1. I am a Criminal Investigator Deputy United States Marshal with the United States Marshals Service. I have held this position since October 1995. I am currently assigned to the Boston, Massachusetts, Sex Offender Investigations Branch, and conduct various criminal investigations including fugitive investigations and investigations of alleged violations of 18 U.S.C. § 2250.

2. On March 3, 2012, the United States Marshals Service, Boston Division, initiated an investigation of TERRANCE BROWN pertaining to violations of 18 U.S.C. § 2250(a), which is commonly referred to as The Sex Offender Registration and Notification Act (SORNA).

3. I make this affidavit in support of an application for a Criminal Complaint charging TERRANCE BROWN, with a violation of 18 U.S.C. 2250(a). The information contained within this affidavit is based upon my own investigation and upon information provided to me by law enforcement officers. Where conversations or statements of others are related herein, they are related in part and in substance. Moreover, because this affidavit is

submitted for a limited purpose, I have not set forth every fact that I have learned in the course of this investigation.

4. Section 2250 of Title 18 of the United States Code provides that whoever (1) is required to register under the Sex Offender Registration and Notification Act ... (2)(B) travels in interstate or foreign commerce ... and (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act shall be subject to certain penalties, including imprisonment for not more than 10 years.

5. The Sex Offender Registration and Notification Act, 42 U.S.C. Sections 16911 et seq., provides that a sex offender shall register, and keep current his or her registration, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. 42 U.S.C. § 16913(a).

6. The Sex Offender Registration and Notification Act, 42 U.S.C. § 16911, et seq., further provides that a sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person ... and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. 42 U.S.C. § 16913(c).

7. The term sex offender is defined as an individual who was convicted of a sex offense. 42 U.S.C. § 16911(1). Sex

offense is also defined and includes "a criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. § 16911(5)(i).

8. On March 31, 2004, TERRANCE BROWN was convicted, by guilty plea, in the Dudley District Court of Massachusetts, of Indecent Assault & Battery on a person 14 Years of Age or Older. According to police reports, BROWN had sexual intercourse with a 14 year-old female. BROWN was sentenced to 94 days of incarceration.

9. An assault and battery is "indecent" if it involves touching portions of the anatomy commonly thought private, such as a person's genital area or buttocks, or the breasts of a female. See Massachusetts Model Jury Instruction 6.520 (2009 Edition).

10. According to information provided by the Commonwealth of Massachusetts Sex Offender Registration Board, as a result of the 2004 conviction, BROWN has been designated a Level 3 sex offender and is thus required, for the rest of his life, to verify his address every year with the Commonwealth of Massachusetts Sex Offender Registration Board.

11. On August 4, 2011, BROWN executed his most recent Sex Offender Registration Form, Notice of Registration Duties of Sexual Offender. This form, signed by TERRANCE BROWN, included a certification by BROWN that he had been informed of his obligations to register, and to verify his home address, and to

provide notification of any change of address, in addition to various other obligations.

12. On August 11, 2011, Massachusetts State Police visited BROWN's address of 32 ½ Ellsworth St. Worcester, MA 01601 to determine whether he still resided there. Based upon this visit, Massachusetts State Police determined that BROWN had moved, and was not in compliance with the sex offender registration requirements. On the basis of the determination of Massachusetts State Police that BROWN had moved and failed to notify the Commonwealth of Massachusetts of a change in address, on August 17, 2011, the Commonwealth of Massachusetts Sex Offender Registry Board placed Brown in violation status.

13. On October 5, 2011, the Worcester District Court issued a warrant for BROWN for failing to register as a sex offender under Massachusetts General Law Chapter 6, Section 178H (a) 1.

14. On November 22, 2011, the Worcester District Court issued an additional default warrant for BROWN for failing to appear in connection with the charge of receiving stolen property under Massachusetts General Law Chapter 266, Section 60.

15. During the period that BROWN resided at 32 ½ Ellsworth St., Worcester, MA 0161, he received disability benefits paid from the Social Security Administration. Subsequent to MSP's discovery in August 2011 that BROWN had moved from 32 ½ Ellsworth

Street, records of the Social Security Administration show residences for BROWN first in the District of Columbia and later in North Carolina. Specifically, on or about October 12, 2011, the Social Security Administration began sending correspondence and benefits to BROWN at 3090 Stanton Road SE, Apartment 104, Washington, D.C. 20020. These records confirmed the determination of Massachusetts State Police that BROWN no longer resided at his address in Worcester, MA.

16. Thereafter, on or about January 12, 2012, the Social Security Administration began sending correspondence and benefits to BROWN at 2010 Booker Drive, Apartment 101, Raleigh, NC 27610.

17. Moreover, according to a Raleigh, NC Police report dated October 30, 2011, the police responded to 2010 Booker Drive, Apartment 101, Raleigh, NC 27610 in connection with a report of a missing and endangered person, Nydia Garrapa. The report indicates that Garrapa was located at the address and that she and BROWN had traveled there together from Massachusetts.

18. Raleigh Police did not make contact with BROWN at the residence but did speak with Geraldine Brown, identified as BROWN's sister. The report indicates that Geraldine Brown acknowledged that BROWN had arrived at the address some three days earlier. The Police inquired of BROWNS' obligation to register as a sex offender and determined that BROWN had until November 11,

2011 to do so as a resident or he would be in violation of North Carolina sex offender requirements.

19. A review of records of the United States Postal Service shows that BROWN has submitted several signed change of address forms. They are as follows: (1) on August 5, 2011, change from 32 ½ Ellsworth St., Worcester, MA 01610 to 3090 Stanton Road SE, Apartment 104, Washington, DC 20020; (2) on October 22, 2011, change from 3090 Stanton Road SE, Apartment 104, Washington, DC 20020 to 2010 Booker Drive, Apartment 101, Raleigh, NC 27610; and, (3) on February 4, 2012, change from 2010 Booker Drive, Apartment 101, Raleigh, NC 27610 to 10 N. Pettigrew St., Raleigh, NC 27610.

20. According to records provided by a local utility in North Carolina, the Progressive Energy Service Co. LLC, on February 3, 2012, TERRANCE BROWN, with a matching Social Security number, established an active electric service account at 10 N. Pettigrew St., Raleigh, NC 27610.

21. On March 14, 2012, the United States Marshals Service received correspondence from Lisa Britton, custodian of records of the North Carolina State Bureau of Investigations Sex Offender Coordination Unit in North Carolina regarding BROWN. The North Carolina State Bureau of Investigations Sex Offender Coordination Unit maintains the records for the sex offender registrations for the state of North Carolina. The correspondence states that a

search was conducted of their sex offender registration files and that TERRANCE BROWN born in 1957, and with other personal identifiers matching the defendant herein, is not registered.

22. On March 27, 2012, the United States Marshals Service received a correspondence from Yolanda Stokes, custodian of records of the Sex Offender Registry of the District of Columbia regarding BROWN. The Sex Offender Registry of the District of Columbia maintains the records for the sex offender registrations for the District of Columbia. The correspondence states that a search was conducted of their sex offender registration files and that TERRANCE BROWN born in 1957, and with other personal identifiers matching the defendant herein, is not registered.

23. Based on the foregoing facts, I submit there is probable cause to believe that TERRANCE BROWN is required to register under the Sex Offender Registration Notification Act, traveled in interstate or foreign commerce, and knowingly failed to register or update a registration as required by the Sex Offender Registration Notification Act, in violation of 18 USC, Section 2250(a).

WHEREFORE, I request that this Court issue a criminal complaint and warrant to arrest TERRANCE BROWN so that he may be dealt with according to law.

Timothy Orava
Criminal Investigator
Deputy United States Marshal
United States Marshals Service

SUBSCRIBED and SWORN to before me on this 11 day of April, 2012.

TIMOTHY S. HILLMAN
UNITED STATES MAGISTRATE JUDGE